UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GREGORY A. POTTORFF, | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:13-cv-00931-SEB-TAB |
| CAROLYN W. COLVIN Acting Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

# REPORT AND RECOMMENDATION
## ON PLAINTIFF'S BRIEF IN SUPPORT OF APPEAL

The parties appeared by counsel July 31, 2014, for an oral argument on Plaintiff's brief in support of appeal. Set forth below is the Court's oral ruling from the bench following that argument. This ruling recommends that the decision of the Commissioner be affirmed, and that Plaintiff's brief in support of appeal be denied.

THE COURT: I will now issue my recommended decision in the case of Gregory Pottorff. As you will recall, I held oral argument on that case on July 2nd, 2014, and then ordered supplemental briefing, which was completed on July 12th, 2014.

This case involves plaintiff Gregory Pottorff and his April 29, 2010, application for Social Security.

The administrative law judge held a hearing on this application on September 15th, 2011, and on January 31st, 2012, denied plaintiff's application. The Appeals Council affirmed the ALJ's denial decision. This case is before the Court on an appeal of that decision.

Factually, plaintiff was injured on the job on October 30th, 2008. Plaintiff worked limited duty thereafter but has been unemployed since May 4th, 2009. Plaintiff's primary attending physician for his back issues has been Dr. Steven M. Ritter, an orthopedic surgeon at Methodist Sports Medicine in Indianapolis, where he specializes in the spine and worker's compensation.

Dr. Ritter treated plaintiff conservatively, including with injections, but ultimately performed three cervical surgeries on the plaintiff, on June 17, 2009, March 31st, 2010, and December 6th, 2011.

This case presents four issues for appeal.

No. 1, does substantial evidence support the ALJ's finding that plaintiff was not disabled because plaintiff did not meet or equal listing 1.04A.

No. 2, did the ALJ err in failing to summon a medical advisor?

No. 3, was the ALJ's credibility finding patently erroneous?

And No. 4, does substantial evidence support the ALJ's Step 5 determination that plaintiff was not disabled because plaintiff could perform some jobs in the national economy?

The linchpin of plaintiff's argument is that the ALJ completely ignored plaintiff's December 16, 2011, third surgery by Dr. Ritter. This seemingly would be a major oversight on the ALJ's part and would require a remand. At oral argument, however, defendant noted for the first time that plaintiff's December 16, 2011, surgery by Dr. Ritter postdated the ALJ's January 31st, 2012, decision. Thus, the ALJ could not have considered this surgery because it had not yet occurred; and the ALJ's failure to mention or incorporate the medical evidence cannot provide a basis to challenge the ALJ's decision.

Just to clarify, the hearing by the ALJ was on September 15, 2011. The surgery was on December 16, 2011; and the ALJ's decision was on January 31st, 2012. So the surgery postdated the hearing, not the decision.

Merely because the ALJ could not have considered that surgery because it occurred prior to the hearing does not necessarily mean that the plaintiff's appeal fails. This revelation that occurred at oral argument raises additional issues; namely, No. 1, whether the Appeals Council considered this additional evidence. No. 2, if it did, whether that decision is reviewable; and No. 3, whether defendant waived these issues by failing to raise them until oral argument. I ordered supplemental briefings on these issues. Those briefs are in the record at filing numbers 34 and 36.

The first issue that needs to be addressed is whether defendant waived these issues. I find that these issues cannot be waived under the circumstances presented here because the Appeals Council's decision to admit this new evidence into the record is discretionary and unreviewable; and thus, my review is limited to the reasonableness of the ALJ's decision in light of the evidence that was before the ALJ. Even plaintiff concedes that this Court may not consider this new evidence presented to the Appeals Council. That's in his brief, docket No. 36 at page 3.

The more interesting issue then is whether the Appeals Council really did consider this additional evidence. Specifically, I'm talking about the evidence identified in the record as Exhibits 18F and 19F. I find that the disputed evidence is not properly part of the record on review because the Appeals Council first found that the disputed evidence was qualifying, that is, new material and time relevant, and subsequently concluded that the ALJ's decision was not contrary to the weight of the evidence, despite the newly submitted evidence.

Though the Appeals Council's order denying review could have been clearer, the evidence supports the conclusion that the Appeals Council determined this later-submitted evidence to be new material and time relevant but determined on the merits that it was not contrary to the weight of the evidence of record and was, therefore, not a basis for reviewing the ALJ's decision.

The transcript in this case reflects that Exhibits 18F and 19F were added to the record by the Appeals Council, and the Appeals Council followed the guidance and listed them as exhibits as reflected in filing No. 13-1 at page 3.

Furthermore, in the text of its order, the Appeals Council clarified that it considered the reasons plaintiff disagreed with the decision and the additional evidence listed on the enclosed order of the Appeals Council, which included the disputed evidence.

The Appeals Council went on to say, "We also considered the medical records from Steven M. Ritter, M.D., dated September 28, 2011, through March 1, 2012. We considered whether the administrative law judge's action, findings or conclusion is contrary to the weight of the evidence of record. We found that this information does not provide a basis for changing the administrative law judge's decision." That's in the transcript at 2.

The text of this notice indicates that the Appeals Council considered the disputed evidence and concluded that it was material. However, the Appeals Council also made it clear that it denied plaintiff's request for review on the ground that the ALJ's decision was not contrary to the weight of the record evidence and that the record is considered to include the latter-introduced evidence.

The Seventh Circuit concluded that the Appeals Council order in Farrell versus Astrue, F-A-R-R-E-L-L, 692 F.3rd 767, Seventh Circuit 2012, was ambiguous and used that as a basis

4

for remand. But the order in Farrell said only that the Appeals Council "found this information does not provide a basis for changing the [ALJ's] decision," without further explaining the basis for the decision or evidence that the Appeals Council considered the evidence. That's Farrell 692 F.3rd at 771.

In contrast, here the Appeals Council explicitly referenced the regulatory language by stating that it considered whether the ALJ's decision was contrary to the weight of the evidence of record. Thus, the Appeals Council's decision to add the evidence to the exhibit list itself demonstrates that it considered the evidence to be new material and time relevant. Any other decision would not be consistent with the record and common sense.

Accordingly, the Appeals Council's denial of review is not judicially reviewable; and plaintiff cannot rely on this newly submitted evidence to show that the ALJ committed reversible error. Farrell, 692 F.3rd at 771. Eads, E-A-D-S, versus Secretary of Department of HHS, 983 F.2nd 815 at 817, Seventh Circuit, 1993.

Nor is remand appropriate under sentence 6. Evidence is no longer new for the purpose of sentence 6 if remand -- evidence is no longer new for the purposes of sentence 6 remand if the Appeals Council has already considered it. DeGrazio, D-E capital G-R-A-Z-I-O, versus Colvin, No. 13-2815, 2014 Westlaw 948329 at page 2, Seventh Circuit March 12th, 2014.

Without the ability to consider this evidence the plaintiff originally claimed that the ALJ ignored and which plaintiff's entire argument largely relied, no additional sufficient basis exists for remand. I've reviewed the remaining evidence, and nothing else in the record would support a remand.

To the extent that this outcome might be viewed as harsh, I would note that plaintiff's last date of insured has not yet passed; and any relevant evidence documenting a worsening of his

condition could form the basis of a subsequent claim. Nevertheless, for the reasons set forth, I will recommend plaintiff's appeal be denied. Any objections to this ruling shall be made within 14 days of the filing of that record.

Dated: 8/7/2014

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Patrick Harold Mulvany
patrick@mulvanylaw.com

Javitt Adili
SOCIAL SECURITY ADMINISTRATION
javitt.adili@ssa.gov

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov