UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GREGORY A. POTTORFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:13-cv-00931-SEB-TAB |
| | ) | |
| CAROLYN W. COLVIN Acting | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION**

This is an action for judicial review of the final decision of Defendant

Commissioner of Social Security ("Commissioner") finding Plaintiff Gregory A. Pottorff

not entitled to disability insurance benefits ("DIB"). The Administrative Law Judge

("ALJ") denied Mr. Pottorff's application for DIB after concluding that there are jobs that

exist in significant numbers in the national economy that Mr. Pottorff can perform,

including as an Inspector, an Assembler, and a Machine Operator. This case was referred

to Magistrate Judge Baker for initial consideration. On August 7, 2014, Magistrate Judge

Baker issued a report and recommendation that the Commissioner's decision be upheld

because it was supported by substantial evidence and was otherwise in accord with the

law. This cause is now before the Court on Plaintiff's Objections to the Magistrate

Judge's Report and Recommendation.

1

## Standard of Review

We review the Commissioner's denial of benefits to determine whether it was supported by substantial evidence or is the result of an error of law. *Rice v. Barnhart,* 384 F.3d 363, 368–369 (7th Cir. 2004); *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001). In our review of the ALJ's decision, we will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [our] own judgment for that of the Commissioner." *Lopez,* 336 F.3d at 539. However, the ALJ's decision must be based upon consideration of "all the relevant evidence," without ignoring probative factors. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). In other words, the ALJ must "build an accurate and logical bridge" from the evidence in the record to his or her final conclusion. *Dixon*, 270 F.3d at 1176. We confine the scope of our review to the rationale offered by the ALJ. *See SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Tumminaro v. Astrue,* 671 F.3d 629, 632 (7th Cir. 2011).

When a party raises specific objections to elements of a magistrate judge's report and recommendation, the district court reviews those elements *de novo,* determining for itself whether the Commissioner's decision as to those issues is supported by substantial evidence or was the result of an error of law. Fed. R. Civ. Pro. 72(b). The district court "makes the ultimate decision to adopt, reject, or modify" the report and recommendation, and it need not accept any portion as binding; the court may, however, defer to those conclusions of the report and recommendation to which timely objections have not been

raised by a party.  *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759–761 (7th Cir. 2009).

## Discussion

Mr. Pottorff objects to the Magistrate Judge's Report and Recommendation on a single basis, to wit, that the Magistrate Judge failed to consider his contention that the ALJ committed reversible error when she arbitrarily rejected the functional evaluation by Dr. Dunkle, Mr. Pottorff's primary care physician.  As the sole challenge to the Report and Recommendation, we address only this argument, deferring to all other conclusions set forth in the Magistrate Judge's Report and Recommendation.

Mr. Pottorff contends that by giving little weight to Dr. Dunkle's functional capacity evaluation, the ALJ impermissibly "played doctor" by improperly substituting her own judgment for Dr. Dunkle's opinion regarding Mr. Pottorff's limitations.  The Seventh Circuit has cautioned that ALJs "must be careful not to succumb to the temptation to play doctor."  *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) (citations omitted).  However, the ALJ is not required to accept all conclusions reached by physicians.  A treating doctor's opinion receives "controlling weight" only if it is "well supported by medically acceptable diagnostic techniques and consistent with other evidence" in the record.  *Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011); 20 C.F.R. § 404.1527(c)(2).  An ALJ must offer "good reasons" for discounting the opinion of a treating physician.  *Martinez v. Astrue*, 630 F.3d 693, 698 (7th Cir. 2011).  The ALJ met this standard here.

In his report, Dr. Dunkle opined that Mr. Pottorff could not sustain work activity for five days a week, eight hours per day because he had too many physical limitations as a result of cervical disc disease and chronic neck pain. The ALJ explained, first, that she gave little weight to Dr. Dunkle's opinion because he had examined Mr. Pottorff on only four occasions. The ALJ stated that she also gave little weight to Dr. Dunkle's opinion because his treatment notes failed to support his opinion as his notes did not reflect clinical findings related to Mr. Pottorff's neck and instead focused on anxiety and his prescription of Xanax. The ALJ further discussed a number of inconsistencies in Dr. Dunkle's report, including that the objective evidence (and even Dr. Dunkle's own observations) did not support his opinion that Mr. Pottorff had difficulty standing, walking, or sitting; that such difficulties are not associated with cervical issues; and that Dr. Dunkle's assertion that Mr. Pottorff can lift and carry fifty pounds was inconsistent "with a cervical fusion, with the observation of Dr. Dunkle that the claimant had decreased grip strength and fine manipulation bilaterally, and neck pain when trying to reach overhead, and with the consultative examiner's comment that the claimant had weakness in his upper extremities and a limited range of motion in his cervical spine." R. at 33 (internal citations omitted).

After reviewing the medical evidence, the ALJ ultimately decided that Dr. Dunkle's opinion was both internally inconsistent as well as inconsistent with other substantial objective medical evidence in the record. The ALJ adequately explained her reasons for reaching this determination and this finding is supported by the record. Accordingly, the ALJ did not substitute her own judgment for that of the medical experts

and did not err by failing to give Dr. Dunkle's functional capacity assessment more weight.

## Conclusion

For the foregoing reasons, we <u>OVERRULE</u> Mr. Pottorff's objections and <u>ADOPT</u> the result of the Magistrate Judge's Report and Recommendation with the additional supplementation set forth above.

IT IS SO ORDERED.

Date: _____9/16/2014_____

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Patrick Harold Mulvany
patrick@mulvanylaw.com

Javitt  Adili
SOCIAL SECURITY ADMINISTRATION
javitt.adili@ssa.gov

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov